**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

        v.

TRYN PARKER,

        Defendant.

REPORT AND
RECOMMENDATION
11-CR-6153



### Procedural Background

On May 2, 2012, the defendant, Tryn Parker, filed a pro se motion (Docket #34) to dismiss the indictment now pending against him for "prosecutorial vindictiveness." Parker claims the Government's conduct in plea negotiations violated his due process rights under the Fifth Amendment of the United States Constitution.

### Relevant Facts

On February 17, 2010, Parker plead guilty to Bank Fraud in violation of 18 U.S.C. § 1344 and was sentenced to thirty months incarceration. (Docket #1). Parker is now charged with knowingly and willingly failing to surrender for service of the thirty-month sentence in violation of 18 U.S.C. 3146(a)(2). (Docket #1).

The parties have been engaged in plea negotiations for some time. On November 15, 2011, the Government sent a letter to Parker discussing a possible plea agreement. Parker claims the Government would not consider a Rule 11(c)(1)(C) sentence unless he agreed to

waive his right to file a habeas corpus petition pursuant to 28 U.S.C. § 2255 with regard to his previous conviction of Bank Fraud. See Exhibit "A" attached to Docket #34.

In alleging "prosecutorial vindictiveness," Parker argues that it is not permissible for the Government to deny him his right to file a habeas corpus petition in a separate case as a "bargaining chip" in plea negotiations in the instant case. Parker claims the Government's "course of action whose objective is to penalize a person's reliance on his legal rights is a due process violation of the most basic sort." (Docket #34). According to Parker, he now has "no choice but to plea (open-plea) without any plea agreement." (Docket #34). To date, no plea agreement has been mutually agreed to by the parties.

## Discussion

Plea bargaining involves the bargaining of rights to allow for a mutual advantage for both the prosecutor and the defendant. See Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). Plea bargaining is both tolerated and encouraged. Id. at 364.

Waiver of collateral rights is not barred as part of the plea bargaining process. Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). A defendant can waive fundamental constitutional rights such as the rights to counsel or a jury trial, and can also waive procedural rights granted by

statute. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).[1]

Waiver of collateral rights such as habeas corpus are usually done with respect to the conviction that results from the guilty plea. See United States v. Ready, 82 F.3d 551, 553 (2d Cir. 1996)(waiving the right to appeal the sentence as part of the plea agreement); United States v. Salcido-Contreras, 990 F.2d 51, 51 (2d Cir. 1993)(waiving the right to appeal a sentence falling within a stipulated range as part of the plea agreement); Wiggins, 905 F.2d at 51-52 (waiving the right to appeal the sentence as part of the plea agreement). Here, Parker argues that it is improper to require a waiver involving a crime unrelated to the pending criminal charge. (Docket #34). I disagree.

The critical inquiry in any plea agreement is whether the waiver was knowingly, voluntarily and intelligently made. See Fambo v. Smith, 433 F. Supp. 590, 594-95 (W.D.N.Y. 1977)("The plea must be entered by a defendant who understands the situation and who has been neither deceived nor coerced."). In United States v. Davis, 954 F.2d 182, 185 (4th Cir. 1992), the defendant sought to withdraw his guilty plea on the ground that any plea agreement that required a defendant "to waive his appellate rights in an entirely

---

[1] An exception to the ability to waive collateral rights is the inability to waive the right to a claim of ineffective assistance of counsel. Ramos v. United States, No. 97 Civ. 2572, 1998 WL 230935, at *2 (S.D.N.Y. May 8, 1998).

3

different case from the one for which the plea agreement was being negotiated" is improper. The court disagreed and found that waiver of the right to appeal "is not, and should not be, dependent on whether a defendant waives his appellate rights in the instant action or in an unrelated case." Id.

As in Davis, the Government here apparently sought to have Parker waive his right to collaterally attack a conviction independent of the crime for which he would be pleading guilty to. As long as Parker's waiver is made knowingly, voluntarily and intelligently, this Court does not believe that the Government's insistence on the waiver violates due process or constitutes prosecutorial vindictiveness.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that the defendant's motion to dismiss the indictment (Docket #34) be denied.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: June 29, 2012
Rochester, New York

4

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   June 29, 2012
         Rochester, New York

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. <u>United States v. Andress</u>, 943 F.2d 622 (6th Cir. 1991); <u>United States v. Long</u>, 900 F.2d 1270 (8th Cir. 1990).

5